_____ **JACKSON COUNTY SCHOOL DISTRICT** _____

I, the undersigned process server, served the Summons and Complaint upon the person or entity named above in the manner set forth below:

_____ FIRST CLASS MAIL AND ACKNOWLEDGEMENT SERVICE. By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgement and return envelope, postage prepaid, addressed to the sender (Attach completed acknowledgement of receipt pursuant to M.R.C.P. Form 1B).

_____ PERSONAL SERVICE. I personally delivered copies to _____ on the _____ day of _____, 2016, where I found said person in _____ County of the State of Mississippi.

_____ RESIDENCE SERVICE. After exercising reasonable diligence I was unable to deliver copies to said person within _____ County Mississippi. I served the Summons and Complaint on the _____ day of _____, 2016, at the usual place of abode of said person by leaving a true and correct copy of the Summons and Complaint with _____ who is the (here insert wife, husband, son, daughter or other person as the case may be), a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 2016, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

_____ CERTIFIED MAIL SERVICE. By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served. (Attach signed return receipt or the return envelope marked "Refused.")

At the time of service I was at least 18 years of age and not a party to this action.
Fee for service: _____

Name: _____
Address: _____
City/State/Zip: _____
Telephone No: _____

STATE OF MISSISSIPPI
COUNTY OF _____

Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

_____
Processor Server Signature

SWORN TO and subscribed before me on this the _____ day of _____, 2016.

_____
NOTARY PUBLIC

Exhibit "A"

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

D.A.Y., A MINOR, BY AND THROUGH HER
GUARDIAN, BARBARA A. LEDET                              PLAINTIFF

VERSUS                                                  CIVIL ACTION NO. 2016-00126(1)

JACKSON COUNTY, MISSISSIPPI
JACKSON COUNTY SCHOOL DISTRICT,
STEPHANIE GRUICH, PRINCIPAL
TERRI NETTLES
UNKNOWN JOHN DOES 1-20                                  DEFENDANTS

**SUMMONS**

THE STATE OF MISSISSIPPI
COUNTY OF JACKSON

TO:  JACKSON COUNTY SCHOOL DISTRICT
     c/o BARRY AMACKER
     4700 COLONEL VICKREY RD.
     VANCLEAVE, MS 39565

**NOTICE TO DEFENDANT**

**THE COMPLAINT THAT IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to Michael W. Crosby, the attorney for the Plaintiff whose address is 2111 25th Avenue, Gulfport, MS 39501. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a Judgment by default will be entered against you for the money or other things demanded in the Complaint. You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, on this the 25 day of July, 2016.

CLERK OF COURT

BY: _____ D.C.

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

D.A.Y., A MINOR, BY AND THROUGH HER
GUARDIAN, BARBARA A. LEDET                                        PLAINTIFF

VERSUS                                                 CIVIL ACTION NO. _____

JACKSON COUNTY, MISSISSIPPI
JACKSON COUNTY SCHOOL DISTRICT
STEPHANIE GRUICH, PRINCIPAL
TERRI NETTLES
UNKNOWN JOHN DOES 1-20                                            DEFENDANTS

FILED
JUL 18 2016
RANDY CARNEY, CLERK
BY_____D.C.

## COMPLAINT
(Jury Trial Demanded)

COMES NOW, D.A.Y., a minor, by and through her Guardian, Barbara A. Ledet and files this Complaint against these Defendants for damages and in support thereof would state as follows:

### INTRODUCTION

1. This is an action brought to redress the deprivation – under color of policy, regulation, official decision, custom, or usage – of rights secured to Plaintiff by 42 U.S.C. §1983 arising under the Fourth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Mississippi, and for such other and further relief as the Court deems just and proper.

### JURISDICTION

2. This court has jurisdiction over the parties and the subject matter herein. Venue is proper due to the fact that the matters giving rise to this cause of action occurred in Jackson County, Mississippi.

## PARTIES

3. BARBARA A. LEDET is a resident of Biloxi, Mississippi; she brings this action as Guardian on behalf of her granddaughter, D.A.Y.

4. Plaintiff D.A.Y. is a minor and resident of Biloxi, Mississippi. At the time of events underlying these causes of action, D.A.Y. was a special education student entrusted to the care of Defendant Jackson County School District ("JCSD") and other named Defendants at St. Martin Middle School.

5. Defendant Jackson County, Mississippi ("COUNTY") is a political subdivision of the State of Mississippi and may be served with process through the President of the Board of Supervisors.

6. Defendant Jackson County School District is a political subdivision of the State of Mississippi operating under Mississippi law as a school district. JCSD has the responsibility of providing D.A.Y. with full and equal access to a public education in compliance with federal and state laws and regulations, including those pertaining to the use of restraint and seclusion.

7. JCSD may be served with process through its superintendent Barry Amacker at 4700 Colonel Vickrey Road, Vancleave, Mississippi.

8. Defendant Stephanie Gruich ("GRUICH") was the principal at St. Martin Middle School in the Jackson County School District during the 2014-2015 school year. Based on information and belief, Ms. Gruich was responsible for the hiring, training and supervision of school staff and ensuring that all students attending St. Martin Middle School were afforded equal access to a public education. All actions alleged herein by GRUICH were taken under color of state law within the course and scope of her employment with JCSD.

9. Defendant Stephanie Gruich may be served with process in accordance with the Mississippi Rules of Civil Procedure

10. Defendant Terrie Nettles ("NETTLES") was a special education teacher at St. Martin Middle School in the JCSD during the 2014-2015 school year. On information and belief, NETTLES' responsibilities included providing structure and consistency that would enable of child with emotional, cognitive and developmental disabilities such as D.A.Y. to access an appropriate education and progress academically as well as emotionally and behaviorally. All actions alleged herein by NETTLES were taken under color of state law within the course and scope of her employment with JCSD.

11. Defendant Terrie Nettles may be served with process in accordance with the Federal Rules of Civil Procedure

12. The true names and capacities of defendants sued as UNKNOWN DOES 1-20 are unknown to Plaintiffs. Plaintiffs pray leave to amend to allege the true names and capacities when they are ascertained. However, UNKNOWN DOES include NETTLES' teaching assistant(s) and bus driver(s).

13. At all times relevant herein, all defendants acted in concert and as agents of one another.

## FACTUAL ALLEGATIONS

14. Plaintiff D.A.Y. was born on October 15, 2001. She suffers from physical and mental disabilities. Barbara Ledet is her grandmother and legal guardian.

15. As a result of her disability, D.A.Y. was made eligible for special education services and supports pursuant to the Individual with Disabilities Act ("IDEA"), 20 U.S.C. §§1401 *et seq.*

16. In January, 2015, D.A.Y. was assigned by JCSD to the special education classroom of NETTLES at St. Martin Middle School.

17. While in NETTLES' classroom, D.A.Y. began "acting up". As a result of D.A.Y.'s behavior, NETTLES and her assistant grew angry with the child and began to scream at her and hit her. Eventually, they stuffed a rag in her mouth and shut her in a closet. Upon information and belief other individuals (UNKNOWN DOES) participated in the abuse of D.A.Y.

18. Further, D.A.Y. was subjected to other physical and verbal abuse while on the bus by the driver, an employee of the County and the JCSD, perpetrated during the course of his/her employment.

19. Following the abusive behavior of Defendants herein, D.A.Y. began having nightmares, developed anxiety and fears about attending school and would often cry when the bus arrived to take her to school.

20. This matter has been under criminal investigation by investigators from both the Jackson County Sheriff's Department and the Ocean Springs Police Department – Sgt. Jeff Smith and Leo Allen.

21. It is understood and believed that this matter is being handled in proper course as new information is developed. We did not want to impede the investigation and sought a final update prior to filing this suit but were not able to make contact with the investigators, and due to time constraints, this suit must be filed. However, based on the last conversations with the investigators, we do not expect any major changes in the circumstances of the case.

## FIRST CLAIM FOR RELIEF
### (Excessive Use of Force – Pursuant to 42 U.S.C. §1983)

22. Plaintiff refers to, and incorporates by reference, all of the preceding paragraphs as though fully set forth herein.

23. D.A.Y. has a constitutional right under the Fourth Amendment to the United States Constitution to be free from unreasonable seizures and to be secure in her person and to maintain her bodily integrity against unreasonable assaults of her person.

24. D.A.Y. has a constitutionally protected liberty interest under the Fourteenth Amendment in personal security, bodily integrity and freedom from unjustified intrusions on personal security, including bodily restraint and punishment without due process of law.

25. Defendant NETTLES violated D.A.Y.'s under the Fourth Amendment and Fourteenth Amendment by using unjustified and unreasonable force against her.

26. Defendant NETTLES' conduct was objectively unreasonable under the circumstances and in light of the educational objectives D.A.Y. was trying to achieve.

27. Defendant NETTLES' conduct in physically stuffing a rag into D.A.Y.'s mouth unlawfully subjected her to excessive, unreasonable and unnecessary physical force.

28. Defendant GRUICH violated Plaintiff D.A.Y.'s rights under the Fourth Amendment and Fourteenth Amendment to the U.S. Constitution by actions, including but not limited to, acting with deliberate indifference to the risk of harm to D.A.Y. from NETTLES and failing to adequately train and supervise the faculty and staff in the use of force and restraint when dealing with special education students with disabilities.

29. The acts and omissions of Defendants NETTLES and GRUICH described herein violated the clearly established rights of D.A.Y. of which reasonable people in Defendants' position knew or should have known

30. Defendants' actions, as described above, were objectively unreasonable, willful and wanton, in light of the facts and circumstances.

31. As a direct and proximate result of the violations alleged hereinabove, Plaintiff has suffered damages as heretofore alleged.

## SECOND CLAIM FOR RELIEF
### (Discrimination in Violation of the Americans with Disabilities Act)

32. Plaintiff refers to, and incorporates by reference, all of the preceding paragraphs as though fully set forth herein.

33. Effective July 26, 1992, Plaintiff D.A.Y. was entitled to the protections of the "Public Services" provision of Title II of the Americans with Disabilities Act of 1990 ("ADA"). Title II, Subpart A prohibits discrimination by any "public entity," including any state or local government, as defined by 42 U.S.C. §12131, Section 201 of the ADA.

34. Pursuant to 42 U.S.C. §12132, Section 202 of Title II, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by any such entity. Plaintiff D.A.Y. was at all times relevant herein a qualified individual with a disability as therein defined.

35. JCSD has failed in its responsibilities under Title II to provide its services, programs and activities in a full and equal manner to disabled persons as described hereinabove, including

failing to ensure that educational services are provided on an equal basis to children with disabilities and free of hostility towards their disability.

36. JCSD has further failed in its responsibilities under Title II to provide its services, programs and activities in a full and equal manner to disabled persons as described hereinabove by subjecting Plaintiff D.A.Y. to a hostile educational environment.

37. As a direct and proximate result of JCSD's failure to comply with their duty under Title II, Plaintiff D.A.Y. has suffered damages including special and general damages according to proof.

## THIRD CLAIM FOR RELIEF
### (Violation of §504 of the Rehabilitation Act of 1973)

38. Plaintiff refers to, and incorporates by reference, all of the preceding paragraphs as though fully set forth herein.

39. Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. §794 ("Section 504"), and the regulations promulgated thereunder prohibit discrimination against persons with disabilities. Section 504 prohibits the exclusion from the participation in, or being denied benefits of, or being subjected to discrimination under, any person or activity Federal financial assistance.

40. Plaintiff D.A.Y. is informed and believes and thereon alleges that JCSD is and has been at tall relevant times the recipient of federal financial assistance, and that part of that financial assistance has been used to fund the operations, construction and/or maintenance of the specific facilities described and the activities that take place therein.

41. By its actions or inactions in denying equal access to educational services and by subjecting Plaintiff D.A.Y. to a hostile educational environment, Defendant has violated

Plaintiff's rights under §504 of the Rehabilitation Act of 1973, 29 U.S.C. §794, and the regulations promulgated thereunder.

42. As a result of JCSD's failure to comply with their duty under Section 504 and the regulations promulgated thereunder, Plaintiff D.A.Y. has suffered damages including special and general damages according to proof.

## FOURTH CLAIM FOR RELIEF
### (General Negligence)

43. Plaintiff refers to, and incorporates by reference, all of the preceding paragraphs as though fully set forth herein.

44. The Defendants, as teachers and school administrators, owed a duty of care to Plaintiff D.A.Y., as their student, to treat her with dignity and respect, and act reasonably and appropriately towards her, including not subjecting him to unnecessary physical force in disciplining her and/or seeking her compliance.

45. The Defendants, as teacher, had a duty to keep their student, Plaintiff D.A.Y. safe and to look out for her well-being.

46. The Defendants breached the duty of care owed to Plaintiff D.A.Y., in one or more of the following ways:

   a. Negligent supervision of classroom teachers and other employees;

   b. Failing to keep Plaintiff D.A.Y's safe and free from harm;

   c. Failing to act as reasonable teachers and school administrators; and

   d. Inflicting harm, emotional damage, embarrassment and humiliation upon Plaintiff D.A.Y.

47. The Defendants' breach of duty directly and proximately caused injuries and damages to Plaintiff D.A.Y.

### FIFTH CLAIM FOR RELIEF
### (Intentional Tort – Battery)

48. Plaintiff refers to, and incorporates by reference, all of the preceding paragraphs as though fully set forth herein.

49. Defendant NETTLES intentionally and unlawfully threatened, had the then present ability to do violence toward Plaintiff DAY, and caused physical injury to Plaintiff D.A.Y.

50. Defendant NETTLES Plaintiff D.A.Y. in a reasonable and serious apprehension of harmful and offensive contact, and did, in fact intentionally cause physical pain and injury to Plaintiff D.A.Y.

51. The intentional assault and battery committed by Defendant NETTLES upon Plaintiff D.A.Y. was a direct and proximate cause of injures and damages, including but not limited to serious painful and permanent injuries and emotional trauma.

### SIXTH CLAIM FOR RELIEF
### (Intentional Infliction of Emotional Distress)

52. Plaintiff refers to, and incorporates by reference, all of the preceding paragraphs as though fully set forth herein.

53. The Defendants conduct was reckless and/or outrageous and in wanton disregard of the rights and safety of Plaintiff D.A.Y.

54. The Defendants acted intentionally and/or with reckless disregard of the probability of causing emotional distress.

55. Plaintiff D.A.Y. suffered severe emotional distress and now suffers from anxiety, loss of trust in teachers, withdrawal and fear of school, nightmares and symptoms of depression and/or post-traumatic stress.

56. The Defendants' conduct was a direct and proximate cause of injuries and damages to Plaintiff D.A.Y., including but not limited to severe emotional distress.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff D.A.Y. by and through her Guardian, Barbara A. Ledet, prays for judgment against the Defendants, jointly and severally, for an amount which will fully and fairly compensate her for her injuries and damages as alleged herein; for punitive damages; for interest and costs; for attorney fees, and for other and further relief that the court deems just and proper.

Respectfully submitted on this the 18th day of July, 2016.

                                                    D.A.Y., A MINOR, BY AND
                                                    THROUGH HER GUARDIAN,
                                                    BARBARA A. LEDET

                                    BY: _____
                                             MICHAEL W. CROSBY

Michael W. Crosby (MSB# 7888)
2111 25th Avenue
Gulfport, MS 39501
TEL: 228-865-0313
FAX: 228-865-0337
michaelwcrosby@bellsouth.net